## CHARLES DUNCAN *vs.* JAMES H. JACOBS.

Suffolk.     January 13, 1903. — September 2, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Construction.

By a contract in writing the plaintiff agreed to excavate certain material, preparatory to the erection by the defendant of a building for the city of Boston. The contract provided that the plaintiff should "excavate all material, load and cart same to Columbia Road" at a designated place, the price for excavated material except loam to be sixty-two and one half cents per cubic yard, the loam to be placed on lot as directed by the defendant and to remain the property of the defendant, and the price for loam so placed to be twenty-five cents per cubic yard. Certain of the material not loam was excavated by the plaintiff but was not loaded or carted to Columbia Road. *Held*, that for this portion of the material excavated the plaintiff could recover only a reasonable price, which was found to be twenty-seven and one half cents per cubic yard, as the price of sixty-two and one half cents per cubic yard fixed by the contract included the loading and carting to Columbia Road as well as excavating.

MORTON, J. This is an action of contract to recover a balance alleged to be due to the plaintiff under a written agreement between him and the defendant for excavating certain material preparatory to the erection of a high school building by him

for the city of Boston. The plaintiff has been paid according to the contract for all the material excavated except two thousand four hundred and forty-three cubic yards, and for that he has been paid at the rate of twenty-seven and a half cents per cubic yard. The question is whether he is entitled, as he contends, to sixty-two and a half cents per cubic yard which is the price named in the contract " for excavated material except loam," or to twenty-seven and a half cents per cubic yard, as the defendant contends, which the jury have found to be a fair and reasonable price for excavating the material, and which as already observed the defendant has paid. The case is here on exceptions by the plaintiff to the ruling of the judge directing the jury to find for the defendant. If the judge erred in directing the jury to return a verdict for the defendant then the plaintiff is to have judgment for $855.05 with interest from the date of the writ.

The question is a narrow one and the answer to it depends on the construction to be given to the contract. So much of the contract as is material is as follows : " Excavate all material, load and cart same to Columbia Road, between Mercer Street, South Boston, and Mt. Vernon Street, South Boston, and there deposit same subject to and under the conditions of a contract between the city of Boston, Mass. and said Jacobs & Son, dated October 20, 1898, to which reference is hereby made. . . . Price for excavated material except loam to be sixty-two and one half cents per cubic yard. . . . The loam to be placed on lot as directed by said Jacobs & Son and to remain the property of said Jacobs & Son. Price for loam so placed to be twenty-five cents per cubic yard."

It is to be observed that the plaintiff was to excavate all material and load and cart it to Columbia Road. The material in question was excavated, but was not loaded and carted to Columbia Road. It was left on the premises and was used for back filling. There was testimony tending to show that the plaintiff knew when he made his contract that it was not to be carted to Columbia Road and that if it had been the defendant would have had to cart other material to be used for that purpose. The plaintiff contends that " price for excavated material" means the same as " price for excavating material," and is

limited to that and to that alone. If this contention is correct, then, notwithstanding, the contract requires the plaintiff to excavate all material and load and cart it to Columbia Road, it omits to fix any price for the loading and carting, or for material excavated and loaded and carted to Columbia Road. On the other hand if, as the defendant contends, the words "price for excavated material" mean the same as price "for material excavated and loaded and carted to Columbia Road" then the contract omits to provide a price for the case that has arisen, namely, for material, not loam, excavated but not loaded and carted to Columbia Road. There are objections to and arguments in favor of each construction. But it seems to us on the whole that the construction for which the defendant contends is the more reasonable. Two things are contemplated by that part of the contract which we are considering: first, that all the material except the loam shall be excavated and loaded and carted to Columbia Road; secondly, that the loam shall be excavated and left on the premises where the defendant directs. It would seem natural that the prices that are fixed should relate to those two things, and that therefore the words "price for excavated material except loam," etc. is simply a compendious way of saying "price for excavated material except loam loaded and carted to Columbia Road." This construction is fortified by the difference in price which would otherwise exist between excavating the loam and placing it where directed on the premises, and the price which would otherwise be established for excavating the other material. The only reasonable way of accounting for that difference, it seems to us, is that the price was intended to include and does include loading and carting it to Columbia Road as well as excavating it.

The answers of the jury to the questions that were put to them do not, it seems to us, throw any light on the construction to be given to the contract; neither, it seems to us, does that part of the contract between the defendant and the city of Boston which is printed in the exceptions.

The result is that the exceptions must be overruled.

*So ordered.*

*A. D. Moran,* for the plaintiff.
*J. A. Dennison,* for the defendant.